G. W. NORTON, ET AL. *v.* D. A. McGONAGILL.

[Abstract Kentucky Law Reporter, Vol. 5—245.]

**Lis Pendens Purchaser.**

> One who is a lis pendens purchaser or one who buys an interest in real estate with notice of the claims of others therein, and of the pendency of a suit to determine such interests, is bound by the judgment entered in such cause.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

September 27, 1883.

OPINION BY JUDGE PRYOR:

This judgment must be reversed for two reasons: 1. Because the appellee was a lis pendens purchaser. 2. Because he had actual notice of Norton's claim before or at the time the purchase was made. The litigation between the administrator and heirs of Jones on the one side and Flanery on the other, in which the latter claimed that the lots in controversy were purchased for the joint benefit of Jones & Flanery, was pending when the action of Bell's heirs was instituted. They were compelled to take notice of that litigation, and the compromise entered as the judgment of the court in the case of *Jones' Heirs v. Flanery* concluded the rights of all these parties. There is no allegation of fraud or any suggestion in the pleadings of the appellee, in the first place, that Jones and Flanery or the as-

signees of the latter entered this judgment without any other purpose and for no other consideration than to defeat the claim of Bell's children against Jones; but on the contrary there is but little doubt as to Flanery's interest in the property purchased by Jones. It was a purchase for both and the court has so held, and before the appellee can assert claim to Norton's interest, who is the remote assignee of Flanery, he must successfully assail this compromise judgment. If the heirs of Jones had sold this land to the appellee during the pendency of the action we can not well see how the appellee would have acquired title; and if so the chancellor could not sell that which the owner himself could not dispose of unless Flanery or those claiming under him were parties to the litigation.

It is said, however, that the action was dismissed and therefore no lis pendens existed. We do not so understand the judgment. Partition was to be made by commissioners and conveyances executed by the parties, and the case was to be stricken from the docket, not at the time the judgment was rendered but when the decree or judgment was fully executed; all matters being settled the case was to go off without further litigation. The case has never been stricken from the docket. If this be an erroneous view of the judgment then it clearly appears from the testimony of Geiser and Tinsley that the appellee had actual notice of the claim of Norton, or of the commercial bank of whom Norton purchased. Givens said to the appellee when the property was being sold that the commercial bank owned one-half of the property, and the latter replied, in substance, that it was going cheap enough anyhow and concluded his bid. The commercial bank was then the owner of the interest of Flanery, he having assigned the bond on Jones to the bank, and the bank had consented in open court to the agreed judgment. The attorney for the bank knew nothing of the pendency of the Bell suit until after the sale, and he testifies that before the confirmation of the sale his recollection is that he notified appellee of the bank's interest and had frequent conversations with him in regard to the matter, but whether any of the conversations were before the appellee paid the purchase-money the witness is unable to state. The weight of the testimony conduces to show notice of the bank's claim and we think on both propositions the law as well as the equity of the case is with the appellants. The attorneys for Jones & Flanery or the bank, after the agreed judgment had been entered, were talking of having the commissioners

appointed and the case finally settled, showing that both of them regarded the case as still on the docket; and the order or agreed judgment reciting that the action was to be stricken from the docket did not import that the case was then dismissed and that the necessity existed for reinstating the case that commissioners might be appointed to make the division. The judgment had provided for the appointment of commissioners and the case was to go off when the judgment was executed.

The judgment is *reversed* with directions to cancel the conveyance to the appellee to the extent of Norton's interest in the property as fixed by the judgment in the case of *Jones v. Flanery* and for further proceedings consistent with this opinion.

*Quigley & Quigley, for appellants.*

*C. S. Marshall, Gilbert & Reid, J. & J. W. Rodman, for appellee.*